FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CINDY KOTHANDARAMAN,

Plaintiff,

v.

CITY OF PULLMAN,

Defendant.

No. 2:26-CV-00175-MKD

ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND GRANTING PLAINTIFF'S MOTION TO EXPEDITE

**ECF Nos. 33, 34**

Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order, ECF No. 33, and Plaintiff's Motion to Expedite, ECF No. 34. The Court has reviewed the filings and the record and is fully informed. For the reasons explained below, the Court denies the Emergency Motion for Temporary Restraining Order and grants the Motion to Expedite.

**BACKGROUND**

Plaintiff's motion arises from a January 22, 2026, encounter at Pullman City Hall and a police report created the following day. The report's synopsis states

that Plaintiff yelled at Defendant's employees and threatened to burn the building. The complete report also states that City Administrator Sean Wells did not interpret Plaintiff's comments literally, did not feel threatened, and did not want Plaintiff trespassed from City Hall. The matter was closed. ECF No. 33-1 at 3.

Plaintiff does not know whether Defendant maintains any alert, warning, or other information about her that would be displayed to a dispatcher or responding officer. *Id.* at 5. Based on that uncertainty, Plaintiff asks the Court to require Defendant to preserve and immediately disclose any such information; restrict how information derived from the police report may be presented to dispatchers and officers; establish a written or remote pathway for Plaintiff to obtain nonemergency services; permit an additional request for production and third-party discovery; and waive security. ECF No. 33 at 2-3, 14-15.

**LEGAL STANDARD**

Fed. R. Civ. P. 65(b) provides for temporary restraining orders. Injunctive relief "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The substantive standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co. Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Plaintiff must establish "that (1) [she] is likely to succeed on the merits of [her] claim, (2) [she] is likely to

suffer irreparable harm absent the preliminary injunction, (3) the balance of equities tips in [her] favor, and (4) a preliminary injunction is in the public interest." *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (citing *Winter*, 555 U.S. at 20). Further, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).

**DISCUSSION**

Plaintiff's motion does not seek interim relief on the claims pleaded in the Amended Complaint. The Amended Complaint concerns Defendant's handling of an earlier police complaint, public records requests, written submissions, GovQA access, and a request for a Zoom records inspection. Plaintiff's motion instead asserts that Defendant may maintain an alert, warning, or other information derived from Incident 26-P00567 that could affect a future police response. The Amended Complaint does not allege the existence or use of that information or any resulting denial of access, discrimination, retaliation, or interference. Its general references to police services and accessible communication methods do not supply the required nexus.

Although the Amended Complaint seeks written or remote access generally, Plaintiff now requests that relief as protection from the newly asserted police

safety risk. Plaintiff cannot expand the operative complaint through later declarations and supplemental filings. The requested relief therefore does not bear the necessary relationship to the claims in this action. The Court "lacks authority" to grant preliminary relief based on these new allegations unrelated to the Amended Complaint. *Pac. Radiation Oncology*, 810 F.3d at 636. The absence of the required nexus is sufficient to deny Plaintiff's request for injunctive relief. The Court therefore does not reach whether Plaintiff's new theory otherwise satisfies the Rule 65 factors.

Plaintiff's related discovery requests rest on the same unpleaded theory. She seeks immediate production, leave to serve an additional request for production, potential nonparty discovery, and appointment of a special master to determine whether the factual premise of that theory exists. Because that premise is not part of any claim or defense pleaded in this action, the requested discovery falls outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Plaintiff has not shown a basis to exceed the limit imposed by LCivR 34(d), shorten Defendant's response time, authorize nonparty discovery in advance, or appoint a special master.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Emergency Motion for Temporary Restraining Order, **ECF No. 33**, is **DENIED**.
2. Plaintiff's Motion to Expedite, **ECF No. 34**, is **GRANTED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED August 20, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE