FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CINDY KOTHANDARAMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PULLMAN,<br><br>Defendant. | No. 2:26-CV-00175-MKD<br><br>ORDER DISMISSING CASE |

The Court has reviewed Plaintiff's response to the Order to Show Cause. ECF No. 89. Plaintiff's response does not establish that the Second Amended Complaint states a federal claim. The Court therefore dismisses the federal claims under 28 U.S.C. § 1915(e)(2)(B)(ii), declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, and dismisses this case.

**A. Title II of the ADA**

Title II requires Plaintiff to allege that she is a qualified individual with a disability, that she was excluded from or denied the benefits of a public entity's services or otherwise discriminated against, and that the exclusion, denial, or

discrimination occurred by reason of disability. *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017). A public entity's failure to make a reasonable modification necessary for meaningful access may constitute disability discrimination. *See McGary v. City of Portland*, 386 F.3d 1259, 1266 (9th Cir. 2004). The claim requires "a nexus between the alleged disability and the alleged denial of benefits," but does not require discriminatory intent. *Adom v. Cal. Dep't of Corr. & Rehab.*, 2026 WL 2639549, at *10 (9th Cir. Sept. 8, 2026). Plaintiff identifies four services: police complaint intake and follow-up, preservation-related routing, accommodation processing, and City Hall access. ECF No. 89 at 1. Accepting her allegations concerning her disabilities and need for structured written communication, she has not adequately connected those limitations to a denial of meaningful access.

For police complaint intake and follow-up, Plaintiff alleges that the Police Department accepted her written complaint, acknowledged receipt of additional materials, and described the related cases as linked. *Id.* at 1-2. She relies on subsequent incomplete production, missing attachments, and unresolved questions about record linkage to establish discrimination. The cited allegations, however, do not explain how those deficiencies prevented her from participating through the written communication her disabilities required. The operative complaint alleges a risk that her writings would be omitted or unrecognized and alleges generally that

omission of a disabled person's writings impairs access to later governmental processes. ECF No. 61 ¶¶ 61-62. Neither supplies facts identifying the particular participation opportunity that was denied because Defendant failed to accommodate her limitations. Her response's assertion that these problems materially impaired participation repeats the conclusion without supplying that necessary connection. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The preservation theory has the same deficiency. Plaintiff alleges that Defendant acknowledged and routed her written preservation request but did not provide a written disposition explaining whether it had acted. ECF No. 89 at 3. The resulting uncertainty and risk of losing evidence do not themselves establish disability discrimination. Plaintiff does not explain how a disability-related limitation prevented her from accessing a preservation process or how a necessary modification would have enabled participation that Defendant denied. The alleged failure to answer her request, even after repeated follow-up, does not establish the missing disability-related connection.

Plaintiff's accommodation-processing theory rests on the absence of a tracked intake, individualized assessment, and written determination, together with instructions to communicate through counsel. *Id.* at 4. She characterizes those

practices as an "absolute administrative shutdown" and a "counsel-only" communication vacuum. *Id.* The underlying allegations identify her requests and Defendant's routing instructions, but do not explain how communication through counsel prevented her from using the structured written communication she required. ECF No. 61 ¶¶ 130-133. Her descriptions of the process as inaccessible and ineffective do not identify the necessary accommodation withheld or the resulting disability-related denial of a particular service.

Plaintiff also alleges that she now avoids City Hall because the communication process and the linkage of her writings to police records remain unresolved. ECF No. 89 at 5. The Court accepts that she considers the January police report inaccurate and fears its effect on future encounters. Her allegations do not explain, however, how the report presently restricts her access to a municipal service or how Defendant has used it to deny a necessary accommodation. Her residence in Pullman and continuing need for municipal services do not supply those missing facts. Although the Court also expressly directed Plaintiff to address the allegations concerning remote inspection, ECF No. 87 at 10, her response provides no further explanation of that theory.

Plaintiff repeatedly invokes Defendant's duty to investigate accommodation requests and alleges deliberate indifference. ECF No. 89 at 2-7. A public entity must consider the individual's needs when assessing a requested accommodation.

*Updike*, 870 F.3d at 957. Plaintiff must still allege "a nexus between the alleged disability and the alleged denial of benefits." *Adom*, 2026 WL 2639549, at *10. Deliberate indifference addresses the additional showing necessary for compensatory damages after the underlying violation is established. *Updike*, 870 F.3d at 950-51. Plaintiff's allegations of repeated notice and nonresponse do not supply the missing connection between her limitations and a denial of access. Count I therefore fails to state a claim.

**B. Section 504 of the Rehabilitation Act**

Section 504 requires a qualified individual with a disability to have been denied the benefits of a federally assisted program or activity solely by reason of disability. 29 U.S.C. § 794(a); *Updike*, 870 F.3d at 949. Section 504 requires "meaningful access to the benefit that the grantee offers," which may require reasonable accommodation. *Alexander v. Choate*, 469 U.S. 287, 301 (1985). Plaintiff identifies federal assistance received by the Pullman Police Department and invokes the statute's coverage of the department's operations. ECF No. 89 at 5-6. Even assuming those allegations adequately establish federal funding for the challenged police services, they do not cure the deficiencies in her allegations of discrimination.

Plaintiff relies on the same unanswered requests, incomplete records, routing practices, and absence of accommodation determinations discussed above. Her

response echoes the operative complaint's conclusory allegation that the challenged conduct occurred solely by reason of disability. *Id.* at 6. That recitation supplies no additional facts establishing the required connection. Because Plaintiff has not plausibly alleged that she was denied access to a covered service solely by reason of disability, Count II fails to state a claim.

**C. ADA Retaliation and Interference**

Retaliation under 42 U.S.C. § 12203(a) requires protected activity, an adverse action, and a causal connection. The protected activity must be a but-for cause of the challenged action. *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 472-73 (9th Cir. 2015). Plaintiff identifies protected activity in requesting disability accommodations. Even assuming the challenged conduct constituted adverse action, however, her allegations do not plausibly establish the required causal connection.

Plaintiff principally relies on the January 23 police report concerning her January 22 City Hall encounter. ECF No. 89 at 7-8. She reasons that the report lacked a legitimate purpose because City Administrator Sean Wells did not believe she would burn down City Hall and did not feel threatened. But Wells's assessment does not establish that documenting the encounter served a retaliatory purpose. The report itself included his statements that he did not interpret the comments literally, did not feel threatened, and did not want Plaintiff barred from

City Hall. ECF No. 61 ¶¶ 135-136. The report was prepared the morning after the City Hall encounter. That timing and Wells's statements do not plausibly suggest that Defendant prepared it because Plaintiff requested an accommodation.

The Court accepts Plaintiff's allegation that she did not threaten arson or physical violence. *Id.* ¶ 137. Her disagreement with the report's characterization of the encounter, the omission of her contemporaneous ADA communications, and her concerns about the report's future use nevertheless do not supply facts plausibly connecting its preparation to a retaliatory purpose. Her response characterizes the report as "selective fabrication" and an "explicit pretextual mechanism," ECF No. 89 at 8, but those characterizations assert the motive that requires factual support. Conclusory assertions do not satisfy the pleading standard. *Iqbal*, 556 U.S. at 678. Her allegations concerning counsel routing and unanswered requests likewise do not plausibly explain how those practices resulted from her protected activity. Considered together, the allegations fail to state a retaliation claim.

Section 12203(b) prohibits coercion, intimidation, threats, or interference with the exercise or enjoyment of ADA-protected rights. Although its reach extends beyond retaliation, "conclusory allegations—without more—are insufficient to state a violation of § 503(b)." *Brown v. City of Tucson*, 336 F.3d 1181, 1193 (9th Cir. 2003). Plaintiff must identify a "distinct and palpable injury"

resulting from the challenged interference. *Id.* Plaintiff relies on counsel routing, incomplete police documentation, and the absence of a reliable correction process. ECF No. 89 at 8-9. She does not explain how those practices coerced, intimidated, or obstructed her exercise of an identified ADA right. Her allegations that she avoids City Hall and fears future use of incomplete records describe her asserted injuries, but do not supply facts establishing the underlying interference. The response characterizes the unresolved administrative and records disputes as interference without explaining how those practices obstructed her exercise or enjoyment of an ADA-protected right. Count III therefore fails to state a claim.

**D. Further Amendment**

Plaintiff alternatively requests leave to amend. ECF No. 89 at 10. A *pro se* plaintiff ordinarily must receive leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Prior amendments and the absence of identified additional facts capable of curing the deficiencies inform that determination. *See Metzler Investment GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008).

Plaintiff has twice amended her complaint, including to incorporate the January 2026 City Hall encounter and related police report underlying her present theories. She also submitted a proposed Third Amended and Supplemental

Complaint. As the Court previously noted, *see* ECF No. 87 at 8 n.1, Plaintiff expressly represented that the proposed amendment would leave her federal claims "materially unchanged." ECF No. 69 at 2. The proposed pleading adds a claim under RCW 42.56 but offers no material revision curing the federal claims. ECF No. 69-1.

The Court then identified the missing elements and directed Plaintiff to explain how specific factual allegations satisfied them. ECF No. 87 at 9-12. Her response defends the same allegations and requests further amendment without identifying additional facts she would plead to cure the deficiencies. Considering the operative complaint, the proposed third amendment, and Plaintiff's response, the Court concludes that further amendment would repeat the same insufficient federal theories and would be futile. Further leave to amend is therefore denied.

**E. Supplemental Jurisdiction**

The federal claims supplied the only identified basis for original jurisdiction. Having dismissed those claims, the Court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3). In exercising that discretion, the Court considers "judicial economy, convenience, fairness, and comity." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (simplified). Those considerations ordinarily favor declining jurisdiction when, as here, all federal claims are eliminated before trial. *Id.*

Plaintiff requests retention based on factual overlap and the Court's familiarity with the record. ECF No. 89 at 10. Those considerations do not warrant retaining this matter. The Court's review of the pleadings has not required adjudication of the merits of a claim under RCW 42.56.

Plaintiff has also pursued related public records claims against Defendant in state court. Her amended petition in a 2025 state action challenged GovQA portal lockouts, the failure to provide records in accessible formats, and the closure of requests while she allegedly remained unable to access the records. ECF No. 53-8 at 3-5. She expressly limited that petition to claims under RCW 42.56. *Id.* at 3. Defendant has also identified a 2026 state action concerning access to public records and the reasonableness of its response estimates. ECF No. 51 at 8. This history of state court litigation over closely related records disputes further favors leaving the remaining questions of Washington public records law to state courts.

"Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (simplified). Considering the dismissal of all federal claims, the nature of the remaining state law issues, and the related state court proceedings, judicial economy, convenience, fairness, and comity favor declining supplemental jurisdiction. Plaintiff's state law claims are thus dismissed without prejudice.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's federal claims are **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff's request for further leave to amend is **DENIED**.

3. The Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(c)(3). Those claims are **DISMISSED without prejudice**.

4. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order**, enter judgment**, provide copies to the parties, and **CLOSE THE FILE**.

DATED November 6, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE